UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELA BARKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF CONSUMER AFFAIRS, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-1321-TLN-KJN PS<br><br>ORDER |

On December 3, 2015, the court conducted an initial status conference in this matter. Plaintiff Shela Barker, an attorney, appeared representing herself, and attorney Courtney Lui appeared on behalf of defendant California Department of Consumer Affairs ("DCA"). Upon review of the parties' joint status report (ECF No. 9), and after further discussion with the parties at the status conference, IT IS HEREBY ORDERED that:

1. The parties shall promptly meet and confer regarding plaintiff's proposed amendment of the complaint to remove her federal claim, including a potential stipulation to an amendment of the complaint and remand of the action to state court. Any such stipulation shall be filed <u>as soon as possible</u>, but no later than January 15, 2016. If the parties are unable to reach an agreement, plaintiff shall file a motion to amend the complaint and remand the action to state court no later than January 15, 2016. The

1

1 motion shall be noticed for hearing in accordance with Local Rule 230.

2. Pursuant to the parties' agreement on the record at the status conference, defendant State of California is DISMISSED WITHOUT PREJUDICE as an unnecessary defendant duplicative of defendant California DCA.  However, if it is later determined that the State of California is a defendant necessary to the prosecution of plaintiff's claims, the parties agree that they would stipulate to an amendment of the complaint adding the State of California as a defendant, as if the State of California had been named as a defendant from the inception of the case through the time of amendment.

3. Within 30 days of this order, plaintiff shall complete service of process on defendants Donald Chang and Anita Scuri, and file a status report indicating whether or not service of process on those defendants have been completed.  If not, plaintiff shall either request dismissal of those defendants without prejudice, or file a request for an extension of time to complete service supported by good cause (including what specific efforts plaintiff has made to complete service on those defendants).

4. No later than December 14, 2015, the parties shall contact the undersigned's courtroom deputy clerk regarding potential dates for a settlement conference before the undersigned in late January or February 2016.  In the event that this action remains in federal court, a date for the settlement conference will be set by separate minute order.

5. If a settlement conference is scheduled, the parties shall file a joint status report by January 15, 2015, addressing the parties' views with respect to the following topics: (a) the status of informal discovery; (b) whether any formal discovery is necessary prior to the settlement conference; (c) whether the settlement conference should go ahead as scheduled or be continued for a specified period of time; and (d) whether the court should schedule remaining case dates and deadlines prior to the settlement conference (and if so, the parties should provide revised proposed deadlines).

6. In light of the potential remand to state court and/or the conduct of a settlement conference, the court declines to further schedule the case at this juncture.

1       IT IS SO ORDERED.

2 Dated: December 4, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE