1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  FIEL D. TIGNO, State Bar No. 161195
   Supervising Deputy Attorney General
3  COURTNEY S. LUI, State Bar No. 173064
   Deputy Attorney General
4    1515 Clay Street, 20th Floor
     P.O. Box 70550
5    Oakland, CA  94612-0550
     Telephone:  (510) 622-2115
6    Fax:  (510) 622-2270
     E-mail:  Courtney.Lui@doj.ca.gov
7  *Attorneys for Defendant California
   Department of Consumer Affairs*

8

9  SHELA BARKER
   P.O. Box 15054
10 Sacramento, CA 95851
   *Pro Se Plaintiff*

11

12              IN THE UNITED STATES DISTRICT COURT

13           FOR THE EASTERN DISTRICT OF CALIFORNIA

14                    SACRAMENTO DIVISION

15

16

17 | **SHELA BARKER,** | Case No. 2:15-CV-01321-TLN-KJN PS |

Plaintiff,      **STIPULATION TO REMAND AND
18                       ORDER**

19              v.

20 **STATE OF CALIFORNIA;
   DEPARTMENT OF CONSUMER
21 AFFAIRS, a Public Entity; DONALD
   CHANG, AND ANITA SCURI, as
22 Individual Defendants; and DOES 1-25,
   inclusive,**

23                      Defendants.

24

25

26

27

28

                            1

*Pro Se* Plaintiff Shela Barker ("Plaintiff") and Defendant California Department of Consumer Affairs ("Defendant" or "DCA"), through its attorneys, the Office of the Attorney General of the State of California, by Courtney S. Lui, Deputy Attorney General, stipulate and jointly request approval by the Court as follows:

## **STIPULATION**

1.     On March 19, 2015, Plaintiff commenced an action in the Superior Court of California, County of Sacramento, entitled *Shela Barker v. State of California; Department of Consumer Affairs; A Public Entity; Donald Chang, and Anita Scuri, as individuals; and Does 1 through 25, inclusive*, as Case No. 34-2015-00176766, alleging the following eight causes of action:  (1)  Disability discrimination in violation of the Fair Employment and Housing Act, Cal. Gov. Code §12940 *et seq.* ("FEHA"); (2)  Failure to engage in the good faith interactive process in violation of FEHA ; (3)  Hostile work environment in violation of FEHA; (4)  Retaliation in violation of FEHA; (5)  Failure to prevent discrimination and harassment in violation of FEHA; (6)  Unlawful denial or interference with rights under the California Family Rights Act, Cal. Gov. Code §12945.2; (7)  Unlawful Denial or Interference with Rights under the Family Medical Leave Act, 26 U.S.C. §2617(a); and (8)  Intentional Infliction of Emotional Distress.

2.     On or about June 19, 2015, Defendant DCA removed the matter to this Court, on the grounds that this Court has original jurisdiction under 28 U.S.C. §1331, and this matter is one that may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that Plaintiff's complaint arises under the Family Medical Leave Act, 26 U.S.C. §2617(a).

3.     After discussion, the parties agree and stipulate to the dismissal, with prejudice, of the following causes of action, individually-named defendants, and prayer for relief:

      (a)     Plaintiff's federal cause of action for denial or interference with rights in violation of the Family Medical Leave Act (FMLA), 26 U.S.C. §2617(a);

      (b)     the state law cause of action for Intentional Infliction of Emotional Distress;

      (c)     individually-named defendants Donald Chang ("Chang") and Anita Scuri ("Scuri"); and

1      (d) Plaintiff's prayer for punitive damages against Chang and Scuri.

2      4. The parties agree and stipulate that after dismissal of Plaintiff's federal cause of

3   action for denial or interference with rights in violation of the Family Medical Leave Act (26

4   U.S.C. §2617(a)), this court will no longer have subject matter jurisdiction over Plaintiff's civil

5   action.

6      5. The parties agree and stipulate that upon entry of the dismissals as detailed in

7   Paragraph 3, above, this matter is to be remanded to the Sacramento County Superior Court,

8   pursuant to 28 U.S.C. §1447(c), alleging the following remaining causes of action:  (1)  Disability

9   discrimination in violation of the Fair Employment and Housing Act, Cal. Gov. Code §12940 *et*

10  *seq.* ("FEHA"); (2)  Failure to engage in the good faith interactive process in violation of FEHA ;

11  (3)  Hostile work environment in violation of FEHA; (4)  Retaliation in violation of FEHA; (5)

12  Failure to prevent discrimination and harassment in violation of FEHA; and (6)  Unlawful denial

13  or interference with rights under the California Family Rights Act, Cal. Gov. Code §12945.2.

14     6. The parties agree and stipulate that upon remand of this action to the Sacramento

15  County Superior Court, Plaintiff will not amend her remaining causes of action, or add further

16  causes of action or defendants.

17  ///

18  ///

19

20

21

22

23

24

25

26

27

28

3

7. The parties agree and stipulate that all pending deadlines, if any, in this case should be taken off the Court's calendar.

Dated:  January 28, 2016                         Respectfully submitted,

                                                 KAMALA D. HARRIS
                                                 Attorney General of California
                                                 FIEL D. TIGNO
                                                 Supervising Deputy Attorney General


                                                 /s/ Courtney S. Lui
                                                 COURTNEY S. LUI
                                                 Deputy Attorney General
                                                 *Attorneys for Defendant California*
                                                 *Department of Consumer Affairs*


Dated:  January 28, 2016                         Respectfully submitted,


                                                 /s/ Shela Barker
                                                 SHELA BARKER
                                                 *Pro Se Plaintiff*

4

**ORDER**

After carefully reviewing the parties' stipulation and the applicable law, IT IS HEREBY ORDERED THAT:

1.    The parties' stipulation to remand the action to state court is approved.[1]

2.    The following causes of action, individually-named defendants, and prayer for relief, are DISMISSED WITH PREJUDICE:

     (a)    Plaintiff's federal cause of action for denial or interference with rights in violation of the Family Medical Leave Act (FMLA), 26 U.S.C. §2617(a);

     (b)    Plaintiff's state law cause of action for Intentional Infliction of Emotional Distress;

     (c)    The individually-named defendants Donald Chang ("Chang") and Anita Scuri ("Scuri");[2] and

     (d)    Plaintiff's prayer for punitive damages against Chang and Scuri.

3.    Upon entry of the dismissals as detailed in Paragraph 2, above, Eastern District of California case number 2:15-CV-01321-TLN-KJN, *Shela Barker v. State of California, et al.*, shall be REMANDED to the Superior Court of California, County of Sacramento.

4.    The Clerk of Court shall serve a certified copy of this order on the Clerk of the Sacramento County Superior Court, and shall include the original state court case number in the proof of service.

---

[1] The court disapproves that portion of the parties' stipulation which indicates that, after dismissal of plaintiff's sole federal FMLA claim, the court would no longer have subject matter jurisdiction. Subject matter jurisdiction "must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." Sparta Surgical Corp. v. Nat'l Assoc. of Securities Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998). Thus, the dismissal of plaintiff's FMLA claim does not compel remand of the action to state court. Nonetheless, as the court foreshadowed at the status conference, in light of the dismissal of plaintiff's sole federal claim at this early stage of the litigation, the court finds it appropriate to decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims. Therefore, the court approves the parties' stipulation to remand the action to state court.

[2] In an order dated December 4, 2015, the State of California was also dismissed without prejudice on the terms outlined in that order. As such, on remand, the only remaining defendant is the California Department of Consumer Affairs.

1        5.     The Clerk of Court shall vacate all dates and deadlines in this court, and close this

2   case.

3   IT IS SO ORDERED.

5   Dated:  January 29, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE